UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KEVIN O'DONNELL, | Case No. 2:22-cv-01617-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, KEVIN JACKSON, NICHOLAS DERANLEAU, CLYDE G. MILLLER, G. MILLER, TRAVIS HUDSON, and TYLER MUHLBEIER, | |
| Defendants. | |

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Kevin O'Donnell is a former adult in the custody of Oregon Department of Corrections (ODOC). Defendants are ODOC and corrections officers who work for ODOC. O'Donnell brings claims under federal and state law alleging that defendants failed to provide him with a means of decontamination after he was exposed to Oleoresin Capsicum (OC) spray. O'Donnell alleges violations of 42 U.S.C. § 1983 and state tort law.

Defendants filed a motion for summary judgment in which they assert a failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and Eleventh Amendment immunity. (Defs.' Mot Summ. J. (Defs.' Mot.), ECF No. 36.)

For the reasons explained below, the court recommends that defendants' motion for summary judgment be denied.

## BACKGROUND

The material facts are not in dispute.

At all times relevant to this lawsuit, O'Donnell was an adult in custody (AIC) with ODOC and held at Two Rivers Correctional Institute (TRCI). (Declaration of Arnell Eynon (Eynon Decl.) ¶ 3, ECF No. 37.) On October 27, 2020, O'Donnell submitted a grievance regarding a "cell extraction" that had taken place a few days earlier nearby his cell. (*Id.* Ex. 5 at 5-6, ECF No. 37-5.) In his grievance, O'Donnell stated the following:

> On 10/22/2020 at 2150 hours a cell extraction occurd [sic] in DSU Section 6 cell 144-top tier. I am located in the same section in cell – 142. At 2150 hours Sgt. Miller deployed O.C. Spray from a riot canister which filled the cell of 144. Sgt. Miller refused to have the air vents shut down due to his action I was also effected [sic] by the spray of O.C. My eyes started burning, my lungs were hurting and I had a continuous violent cough. I yelled out my door to Sgt. Miller but my words fell on deaf ears. I told Sgt. Miller I was in need of medical attention. All Sgt. Miller said was for his staff to open section 6 yard door. I pleaded with Sgt. Miller to allow me to shower but was denied that opportunity to do so. I have been denied a shower from 10/22/2020 till 10/25/2020 @ around 1400 hours I was allowed to shower/change clothes. Sgt. Miller refusing to allow me to shower and change clothes also violates the law which states "Once chemical agents have been used, Prisoners (including bystandards [sic] who have been exposed) must be allowed a reasonable opportunity for decontamination." I have never been in that much pain in my life. Nor do I ever want to go through it again. Sgt. Miller never returned to DSU Section-6 after departing from the unit @ 2155 hours. I pushed my emergency button located at the back of cell[;] it was never answered. . . . All I wanted to do was be decontaminated from the second hand exposer [sic] of the O.C. spray.

(*Id.*) On November 2, 2020, O'Donnell's grievance was stamped "DENIED" by the TRCI grievance office. (*Id.*) On November 16, 2020, TRCI grievance coordinator Arnell Eynon sent O'Donnell a "Grievance – Denied" letter stating the following:

> This grievance is denied as you have not met the requirements of 291-109-0210. You have not demonstrated misapplication of departmental policies, rules or other directives, unprofessional actions of department employees, volunteers, or contractors, inadequate medical or mental health treatment[,] sexual abuse or sexual harassment or excessive use of force by department employees.

(*Id.* at 4.) Two days later, on November 18, 2020, O'Donnell submitted a grievance appeal form in which he stated the following:

> I don't agree with the response from my initial grievance. I stated the problem. I gave you dates and times. I said what the staff response was. I stated the unprofessional acts of the staff. I was denied medical attention. My Emergency button was refused (no answer). I was in serious pain and tried to be treated but was denied. . . . I don't understand why you denied my grievance. I am in accordance with the rules.

(*Id.* at 2.) O'Donnell's grievance appeal was stamped "DENIED" on November 25, 2020. (*Id.*) On December 8, 2020, grievance coordinator Eynon sent O'Donnell an "Initial Appeal – Denied" letter stating, "[t]he grievance rule does not permit a returned grievance or grievance appeal to be appealed. Therefore, this appeal is denied." (*Id.* at 1.)

## LEGAL STANDARDS

**A.**    ***Summary Judgment***

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates that no issue of material fact exists, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A party cannot defeat a summary judgment motion by relying on the allegations set forth in the complaint, on unsupported conjecture, or on

Page 3 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In determining whether to grant summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Curley v. City of North Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014); *Hernandez*, 343 F.3d at 1112. All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). But deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a genuine issue for trial." FED R. CIV. P. 56(e). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Chong v. STL Int'l, Inc.*, 152 F. Supp. 3d 1305, 1309 (D. Or. 2016). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

B.     ***Prison Litigation Reform Act (PLRA)***

Under the PLRA, 42 U.S.C. § 1997e(a), an AIC's failure to exhaust administrative remedies "'is an affirmative defense the defense must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). The defendant has the burden to prove that "there was an available administrative remedy, and that the [AIC] did not exhaust that available remedy." *Id*. at 1172. In a typical PLRA case, "a

defendant will have to present probative evidence" to demonstrate that an AIC has failed to exhaust available administrative remedies. *Id.* at 1169. Once a defendant has made such a showing, the burden shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Although the burden of proof remains with the defendant, the defendant is entitled to summary judgment if undisputed evidence viewed in the light most favorable to the AIC shows a failure to exhaust. *Id.* at 1166, 1174. However, "[i]f the district judge holds that the [AIC] has exhausted available administrative remedies, that administrative remedies are not available, or that a[n AIC]'s failure to exhaust available remedies should be excused, the case may proceed to the merits." *Id.* at 1171.

## DISCUSSION

On summary judgment, defendants argue that O'Donnell failed to exhaust his available administrative remedies before filing his complaint as required by the PLRA. Defendants also argue that they are entitled to immunity under the Eleventh Amendment to the extent that they are being sued in their official capacities. (Defs.' Mot. at 11-14.)

A.      ***Exhaustion of Administrative Remedies***

Exhaustion under the PLRA is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, however, only as long as "administrative

Page 5 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

remedies . . . are available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino*, 747 F.3d at 1171 (simplified). "[I]mproper screening of an [AIC]'s administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). "If prison officials screen out an [AIC]'s appeals for improper reasons, the [AIC] cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable." *Id.*

The ODOC grievance and appeal process is addressed in OAR 291-109-0100 *et seq*. Generally, an AIC must file a grievance within fourteen days of the alleged issue or incident being grieved. OAR 291-109-0205(1). An AIC may submit a grievance "concerning any incident or issue regarding institutional life that directly and personally affects the AIC," including but not limited to:

(a) Misapplication of departmental policies, rules, or other directives;

(b) Unprofessional actions of employees, volunteers, or contractors;

(c) Inadequate medical or mental health treatment;

(d) Sexual abuse or sexual harassment; and

(e) Excessive use of force by department employees.

OAR 291-109-0210(3)(a)-(e). An initial grievance "must include a complete description of the incident, issue, or action being grieved, including the date and time of the incident, issue, or action being grieved, and the individual responsible for the incident, issue, or action." OAR 291-109-0220(4). An initial grievance must also comply with submission rules including those regarding legibility, page length, appropriate language, and supporting documentation. OAR

Page 6 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

291-109-0220(2)-(8). A grievance that does not comply with the applicable submission rules will be "returned for correction" to the AIC and may not be appealed. OAR 291-109-0225(2).

      Here, the TRCI grievance coordinator denied O'Donnell's grievance after finding that it had "not met the requirements under OAR 291-109-0210" and that it failed to "demonstrate[] misapplication of departmental policies, rules or other directives[.]" (Eynon Decl. Ex. 5 at 4.) Why that happened, however, is not clear. As noted above, the list of "Permissible Grievance Issues" under OAR 291-109-0210 includes the "[m]isapplication of departmental policies," "[u]nprofessional actions of department employees," and "[i]nadequate medical or mental health treatment"—any of which could arguably encompass an AIC's report that corrections officers denied him a decontamination shower after exposing him to OC spray. *See, e.g.*, *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (noting that an AIC's allegations of inadequate decontamination following exposure to OC spray constituted a claim of inadequate medical care); *see also*, *Gomez v. Peters*, No. 2:18-CV-01607-HZ, 2020 WL 7647470, at *5 (D. Or. Dec. 23, 2020) (finding that the AIC's grievance reporting inadequate decontamination following exposure to OC spray alleged a violation of ODOC's decontamination procedures and therefore constituted a permissible grievance issue); *Kohler v. Oregon Dep't of Corr.*, No. 6:21-CV-01246-JR, 2022 WL 16856404, at *4 (D. Or. Sept. 9, 2022), *report and recommendation adopted*, 2022 WL 16855192 (D. Or. Nov. 10, 2022) (finding that the AIC's grievance "was qualified under [OAR 291-109-0210]" because those rules allow AICs to grieve inadequate medical care, "which is what [the] plaintiff grieved when he alleged that he was denied a timely decontamination shower").

Page 7 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

Defendants do not argue that O'Donnell's grievance fell outside the list of grievance issues found in OAR 291-109-0210 and offer no response to O'Donnell's well-supported argument that he grieved a permissible grievance issue. Defendants contend that O'Donnell "failed to state the basis for his grievance[,]" (Defs.' Mot. at 12), but that ignores the plain language of the grievance and O'Donnell's straight-forward complaint that "[a]ll [he] wanted to do was to be decontaminated from the second exposure of the OC spray." (Eynon Decl. Ex. 5 at 6.) Defendants broadly assert that O'Donnell failed to resubmit his grievance "to comply with the grievance rules" (Defs.' Mot. at 9), but again, that fails to explain what was deficient about his grievance in the first place, or what he could have done to address any alleged deficiencies. Moreover, while defendants insist that O'Donnell "failed to comply with the rules for a returned grievance" (*id*. at 12), and ODOC rules allow an AIC to resubmit a grievance that has been "Returned for Correction[,]" *see* OAR 291-109-0225(2), the undisputed evidence shows that ODOC denied O'Donnell's grievance and did not return it to him for correction. (*See* Eynon Decl. Ex. 5 at 4-6 (showing grievance form stamped as "denied" and a "grievance denied" memorandum from grievance coordinator); *see also* Defs.' Mot. at 9, 12 (repeatedly stating that O'Donnell's "grievance was denied" and referring repeatedly to the "denial of his grievance").)

Viewing the evidence in the light most favorable to O'Donnell, a reasonable jury could find, as this court found under analogous facts in *Gomez*, that "[O'Donnell] did cite the misapplication of a rule" and that "[d]efendants cited an incorrect basis for denying [his] grievance." *Id*., 2020 WL 7647470, at *5. In *Kohler*, this court similarly found that the AIC's grievance about inadequate decontamination that had been denied by ODOC "was, in fact, qualified under the applicable rules." *See* 2022 WL 16856404, at *4. In this circumstance,

Page 8 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

"[w]hen prison officials improperly fail to process a[n AIC]'s grievance," the Ninth Circuit has found that the plaintiff's administrative remedies were "rendered effectively unavailable by [the] defendants' actions." *Andres v. Marshall*, 867 F.3d 1076, 1077-78 (9th Cir. 2017) (noting that prison officials never responded to the plaintiff's grievance alleging excessive force and therefore finding that prison officials "thwarted [AIC]s from taking advantage of the grievance process") (citing *Ross*, 578 U.S. at 644); *see also*, *Sapp*, 623 F.3d at 823 ("improper screening of an [AIC]'s administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA").

    In sum, the court agrees with O'Donnell that he "took 'reasonable and appropriate' steps to grieve his issue" and was denied an adequate remedy through ODOC's "mishandling of his grievance." (Pl.'s Brief in Opp. (Resp.) at 2, ECF No. 39 (citing *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010)).) Thus, the court finds that defendants have failed to meet their burden "to provide that there was an available administrative remedy, and that the [AIC] did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. Defendants are therefore not entitled to summary judgment based on a failure to exhaust under the PLRA.

**B.**    *Eleventh Amendment*

    Defendants argue that O'Donnell is "barred under the Eleventh Amendment to bring a section 1983 claim against individual defendants in their official capacity." (Defs.' Mot. at 13.) As O'Donnell points out, however, "each [d]efendant is plainly listed as being sued in their individual capacity[,]" and "[t]here are no claims in the [d]efendants' official capacities to be dismissed." (Resp. at 12.) Defendants are incorrect that "it is unclear as to the capacities in which they are sued." (Defs.' Mot. at 13.) Furthermore, it is well-established that, "'[w]here state

Page 9 – FINDINGS AND RECOMMENDATION
*O'Donnell v. Oregon Dep't of Corr.*, 2:22-cv-01617-AR

officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities'" (Resp. at 12, citing *Shoshone-Bannock Tribes v. Fish & Game Comm'n Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994))—which defendants explicitly acknowledge. (Defs.' Mot. at 13 (citing *Shoshone-Bannock Tribes*, 42 F.3d at 1284).)

Because the record clearly demonstrates that O'Donnell brings his § 1983 claims against defendants in their individual capacities, defendants' Eleventh Amendment immunity argument is inapt.

## CONCLUSION

For the above reasons, defendants' motion for summary judgment (ECF No. 36) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: July 31, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge