UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN O'DONNELL

    Plaintiff,

v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.

    Defendant.

Case No.: 2:22–cv–01617–AN

TRIAL MANAGEMENT ORDER

**I.**     <u>Pretrial conference:</u> See docket for date and time.

**II.**    <u>Jury Trial Date:</u> See docket for date and time.

**III.**   <u>Pretrial Material Filing Deadlines (unless otherwise specified by a Rule 16 conference):</u>

    **A.**     Expert reports are due 90 days before the date set for trial pursuant to Fed. R. Civ. P. 26, unless the parties have otherwise stipulated in a writing, filed with the Court. However, expert reports must be filed 21 days before the pretrial conference regardless of any agreement by the parties.

    **B.**     **35 days before pretrial conference:**

        Joint jury instructions and verdict form (**filed on CM/ECF and submitted in Word to chambers_nelson@ord.uscourts.gov**).

    **C.**     **30 days before pretrial conference:**
        **1.**    Plaintiff's exhibit lists and judge's copies of exhibits;
        **2.**    Plaintiff's lay witness statements, and expert witness statements, if not previously provided under an agreement between the parties or by court order;
        **3.**    Any itemized list(s) of special damages;
        **4.**    Objections to jury instructions and verdict form.

    **D.**     **21 days before pretrial conference:**
        **1.**    Defendant's exhibit lists and judge's copies of exhibits;
        **2.**    Defendant's lay witness statements, and expert witness statements;
        **3.**    Plaintiff's deposition designations (defendant's deposition designations due two days after plaintiff's submissions);
        **4.**    Plaintiff's and defendant's trial memoranda.

    **E.**     **14 days before pretrial conference:**
        **1.**    Plaintiff's and defendant's motions in limine and <u>Daubert</u> motions;
        **2.**    Plaintiff's rebuttal exhibits;
        **3.**    Plaintiff's rebuttal lay witnesses;
        **4.**    Requested voir dire (filed on CM/ECF and submitted in Word to **chambers_nelson@ord.uscourts.gov**);
        **5.**    Plaintiff's and defendant's objections to the other party's exhibits, witnesses, and/or deposition designations in three separate

documents;

Case 2:22-cv-01617-AN     Document 50     Filed 12/04/25     Page 2 of 7

documents;

    **F.** **7 days before pretrial conference:**
      **1.** Responses to motions in limine and <u>Daubert</u> Motions.
      **2.** Plaintiff's and defendant's responses to objections to exhibits, witnesses and deposition designations in three separate documents.

**IV.** <u>Procedures:</u> The original of all trial documents will be electronically filed with the court and copies served on the court and all parties. Both the original and the judge's copies of all trial documents will be three–hole punched and placed into binders with clearly marked index tabs. Each item listed should be a separately captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

  **A.** <u>Proposed Joint Jury Instructions and Verdict Form</u>: Submit a complete set of joint proposed preliminary jury instructions, a complete set of joint proposed end–of–case jury instructions, and a single joint verdict form. Submit a proposed jury instruction for every issue the jury must decide. This will be given to the jury at the start of trial as a reference. Local Rule 51 provides that each instruction shall be on a separate sheet of paper with authority in support of each principle.

    Designate those instructions agreed upon. If the parties disagree as to any instruction, then submit an alternative proposed instruction along with a brief analysis (with any relevant legal authority) as to why one instruction should be given over the other. Failure to provide a brief analysis will be viewed as failure to object. The same procedure should be followed with each question proposed in the verdict form.

    Generally, the most recent version of the following 9th Circuit Model Jury Preliminary Instructions is given at the beginning of trial (found here: **www.ce9.uscourts.gov/jury–instructions/model–civil**). For concluding instructions, it is preferred to use the 9th Circuit Model Jury Instructions whenever they are applicable. So, submit all Model Instructions (or Oregon State Bar UCJI model instructions where applicable) relevant to the case in the joint jury instructions. If a party has an objection to the most recent model version of these instructions, provide a brief analysis of the objection.

    Submit the jury instructions in the order in which the parties would like the instructions read to the jury. If more than ten instructions specific to the issues in the case are submitted, the parties must include the index. Parties shall file a copy of the proposed jury instructions on CM/ECF. In addition, parties shall email a Microsoft Word version of the proposed jury instructions to Judge Nelson's chambers, at chambers_nelson@ord.uscourts.gov.

    A primary goal of the PTC is to finalize the jury instructions so that I may provide a copy to the jurors on the first day of trial. Prior to the PTC, the parties should thoroughly examine their proposed instructions for substantive, grammatical, and typographical errors. Following the PTC, Judge Nelson will not accept edits to the jury instructions without good cause.

  **B.** <u>Exhibits and Exhibit Lists:</u> Plaintiff's exhibits should be numbered and listed starting with "1". Defendant's exhibits should be numbered and listed starting with "501". The case number should be printed on each exhibit sticker. If there are multiple parties or more than 500 exhibits per party, contact Judge Nelson's chambers at chambers_nelson@ord.uscourts.gov. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Copies of each numbered, copyable exhibit shall be supplied to the court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with the Pretrial Conference Order. Both the original and the judge's copies of exhibits shall be three–hole punched and placed into binders with clearly marked index tabs. All staples and clips will be removed from the copies of the exhibits which are placed in the three–ring binders.

Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

Impeachment exhibits will be marked, sealed and delivered only to the court; each exhibit should be listed on your exhibit list as "Impeachment Exhibit."

Even if exhibits are preadmitted at the pretrial conference, the exhibits must be referenced during trial in order to be submitted to the jury during deliberations. Mentioning an exhibit in an opening or closing argument is not sufficient.

**C.** <u>Witnesses:</u>

    **1.** <u>Lay Witness:</u> List all parties, corporate representatives and other witnesses to be called, showing names and occupations, together with a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party. **Failure to include adequate descriptions of the topics about which witnesses will testify may result in the exclusion of the witness and /or the witnesses' testimony about the inadequately described topic.** Please give a time estimate for the direct testimony of each witness. At the end of each day of trial, I may ask the party presenting evidence to inform the jury about whether we are on schedule. Names and statements of impeachment witnesses may be sealed and delivered only to the court.

    **2.** <u>Expert Witnesses:</u> Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

    The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

    **3.** <u>Witnesses with Disabilities:</u> **10 days prior to trial**, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation.

    **4.** <u>Translators:</u> The court does not provide translators in civil cases.

    **D.**    <u>Depositions:</u> Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court with those portions sought to be admitted highlighted. Both the originals and court copies must be so highlighted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

          Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" because they are read to the jury and are not sent to the jury during deliberations. Such depositions should be numbered and accompanied by a deposition list. If a party seeks to introduce a deposition transcript as an exhibit to go to the jury during deliberations, that transcript must be marked and included within the exhibit book.

    **E.**    <u>Itemized list of special damages:</u> Specify damages sought and how such damages will be proven –– i.e. through which exhibits and/or witness testimony.

    **F.**    <u>Trial Memoranda:</u> Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 35 pages without prior approval.

    **G.**    <u>Motions in Limine:</u> All motions in limine and responses thereto shall be filed in a single document not to exceed 35 pages without leave of court. Separate motions shall be designated as subparts of the single document.

    **H.**    <u>Proposed voir dire questions:</u> During voir dire, the potential jurors will be asked their names and place and length of residence and describe their (1) educational background; (2) military service; (3) occupation(s); (4) family and/or household; (5) hobbies; (6) interests; and (7) volunteer work. In addition, jurors will be asked to describe their prior experience with the legal system, which may include serving on a jury or being a party or witness in a lawsuit.

          Potential Jurors may be asked several questions specific to the case. Each party may submit no more than 12 voir dire questions specific to the case. If requested and granted, each party may have a maximum of 10 minutes to ask their own questions. If any voir dire is undertaken by counsel, it shall be restricted to those areas approved by the Court and within the accepted proposed voir dire questions.

    **I.**    <u>Objections to Witnesses, Exhibits, and/or Deposition Designations:</u> Objections to witnesses, exhibits, and/or deposition designations must be specific and complete and must identify the exhibit, witness, and/or deposition designation. Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

**V.**    <u>Pretrial conference:</u> During the pretrial conference, be prepared to discuss the following:

    **A.**    Motions in limine and other objections.

    **B.**    Anticipated timetable;

---

[1] Example: Plaintiff objects to exhibit 301 (plaintiff's employment application) on grounds of relevance. Plaintiff has stipulated to the effective date of her employment. Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment. This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

  **C.** Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player);

  **D.** Voir dire questions. While it is the custom in federal court for the judge to conduct voir dire, please note that Judge Nelson allows the attorneys to conduct a portion of voir dire. The court will provide the jurors with some introductory case specific questions and the attorney will then inquire of all prospective jurors.

  **E.** Stipulated facts;

  **F.** Other matters that may arise.

**VI.** <u>No Late Submissions:</u> No exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order. Late submissions, including but not limited to any supplemental or revised exhibits, supplemental or amended witness statements, or supplemental or amended jury instructions, will not be accepted unless there has been a showing of good cause.

**VII.** <u>Additional Guidance:</u> Please refer to the Trial Court Guidelines for U.S. District Court of Oregon, on the court's website: <u>ord.uscourts.gov/trial–court–guidelines</u>. If you are not familiar with the courtroom's technology, please arrange a tutorial with the courtroom deputy in advance of trial. Everyone capable is to stand during oral argument or objections, depending on which you are most comfortable. Everyone capable is to stand for the jury and Judge Nelson when they enter and exit the courtroom. Attorneys who are trying to get trial experience may present argument to the court and examine a witness with an experienced attorney providing back up (in other words, the court is willing to suspend the "one witness/one attorney rule" in these situations).

**IT IS SO ORDERED.**

**DATED** this 4th day of December, 2025  /s/Adrienne Nelson

                Honorable Adrienne Nelson
                United States District Judge.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **KEVIN O'DONNELL**<br>    Plaintiff,<br><br>v.<br><br>**OREGON DEPARTMENT OF CORRECTIONS, et al.**<br>    Defendant. | Case No.: 2:22−cv−01617−AN<br><br>**SUPPLEMENTAL JURY TRIAL MANAGEMENT ORDER REGARDING THE JERS SYSTEM** |

To facilitate the use of the Jury Evidence Recording System (JERS) during trial in this action:

Exhibits in electronic format should be provided to the Courtroom Deputy on a flash drive within two business days after the pretrial conference, or if there is no pretrial conference within two days of the Court's ruling on which exhibits are admitted for use at trial. The Court advises the parties that, while many exhibits may be pre−admitted, *only* those exhibits actually used in trial during witness examination **and** published to the jury will be sent to the jury during their deliberations. Accordingly, the Court encourages the parties to only submit electronic trial exhibits that they plan to use during trial. The requirements for JERS Exhibits and Electronic Trial Exhibits are posted on the Court's website at ord.uscourts.gov/jers.

Parties need not change the naming of their files to use JERS; however, the name of each file must be the same as the name of the file on the flash drive submitted to the Court. Because the jury will see the file name of the exhibit, the parties are cautioned to use neutral names for their exhibits, *e.g.* do not use the name "the smoking gun". If the Court deems the file names too prejudicial, the jury will see only the number of the exhibit, not the file name. If an exhibit exceeds JERS file−size capacity, the parties can proceed one of two ways. Split the exhibit into parts by re−encoding the large file into several files. The split files then become exhibit 1a, 1b, 1c, and so on. Or the parties may request, if splitting the file is impossible, that the file be made available for viewing as a single exhibit outside of JERS but on the JERS cart using the windows media player. It is possible to make other oversized files such as spreadsheets available outside of JERS, but if the oversized file results from difficulty converting the file into a PDF, the parties must resolve this issue. Exhibits outside of JERS are reserved for true oversized files.

**DATED** this 4th day of December, 2025      /s/Adrienne Nelson

                                                                                Honorable Adrienne Nelson
                                                                                United States District Judge.